UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARMAN ROBERTSON,

                Petitioner,

    -against-                       9:21-CV-1026 (LEK)

OFFICE OF MENTAL HEALTH,

                Respondent.

---

**DECISION AND ORDER**

## I.    INTRODUCTION

Petitioner Carman Robertson seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). On September 22, 2021, the case was administratively closed. Dkt. No. 2 ("Administrative Closure Order"). Petitioner was given thirty days leave to properly commence the action by either paying the statutory filing fee or filing a properly certified IFP application. Id. at 2. Petitioner timely complied, remitting the statutory filing fee. See Dkt. Entry for 10/05/21 (identifying receipt information for filing fee transaction); Dkt. No. 3, Text Order (reopening case).

## II.    PETITION

Petitioner is presently housed in an in-patient program at the Hutchings Psychiatric Center. Pet. at 1. Petitioner challenges his involuntary civil confinement which occurred on July 9, 2021. Id. at 1. Petitioner did not appeal the decision or otherwise challenge it administratively or judicially. Id. at 2–3.

Liberally construing Petitioner's arguments, he claims that he is entitled to federal habeas relief because he has been unlawfully and involuntarily confined without being criminally

charged. Pet. at 4. Petitioner seeks immediate release. Id. at 4–5. For a more complete statement of Petitioner's claims, reference is made to the Petition.

## III.   DISCUSSION

This is the second habeas action Petitioner has commenced in this district. The first, Robertson v. Director, No. 20-CV-1405 ("Robertson I"), was converted to a § 2254 petition and dismissed as unexhausted. Robertson I, Dkt. No. 2, Decision and Order ("December Order"), at 2–8.

As explained in the December Order, Petitioner properly brought the instant action pursuant to § 2254. Robertson I, December Order at 3. While "[c]hallenges to the conditions of confinement in a mental institution are often brought pursuant to § 2241(c) . . . [c]hallenges to the commitment itself . . . are properly brought pursuant to § 2254." Henry v. Murphy, No. 17-CV-5852, 2018 WL 7291456, at *2 (S.D.N.Y. Oct. 31, 2018) (citing cases); see also Duncan v. Walker, 533 U.S. 167, 176 (2001) (explaining that "federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment[.]"); Buthy v. Comm'r of Office of Mental Health of New York, 818 F.2d 1046, 1051–52 (2d Cir. 1987) (holding petitioner "could challenge the fact of his [involuntary] pre-hearing confinement in the [psychiatric] unit as opposed to the conditions of confinement, only by petitioning for a writ of habeas corpus[.]"); Trombley v. Bosco, No. 14-CV-1118, 2016 WL 6238576, at *1 n.1 (N.D.N.Y. Oct. 25, 2016) ("The fact that [petitioner] is challenging his commitment for mental illness rather than his underlying conviction does not change the outcome as civil commitments are typically challenged in habeas proceedings.").

Here, Petitioner challenges his continued involuntary civil confinement. Further, Petitioner is requesting discharge from the hospital, which constitutes release from said confinement. Pet. at 1, 4–5. Therefore, Petitioner is challenging the term of his confinement and not the conditions surrounding it and § 2254 is the proper statute under which to seek relief.

Also, as discussed in the December Order, any such petition is subject to the exhaustion requirement under 28 U.S.C. § 2254(b). Robertson I, December Order, at 5–6. An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

A petitioner must satisfy the exhaustion requirement both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). In other words, Petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Here, Petitioner has explicitly stated that he has not exhausted his state court remedies because he has failed to appeal or otherwise challenge the confinement administratively or

judicially. Pet. at 2–3. As previously outlined for Petitioner in the December Order, a petitioner

contesting involuntary civil confinement must

> challenge[ the] . . . civil confinement in state court by filing a petition
> for discharge in the appropriate state court, see N.Y. MENTAL
> HYGIENE LAW § 10.09 (setting forth procedures for challenging an
> Article 10 commitment order); a state-court habeas corpus petition,
> see N.Y. C.P.L.R. §§ 7001–7012; or an appeal in the appropriate state
> appellate court.

Robertson I, December Order, at 6 (quoting Brown v. New York, No. 18-CV-0491, 2018 WL

10879393, at *4 (S.D.N.Y. Feb. 6, 2018)). Therefore, from the face of the Petition, the state

courts have not concluded their one complete round of evaluation of Petitioner's claims;

therefore, the habeas petition is not yet ripe for review. O'Sullivan, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of

available State corrective process (e.g., where there is no further state proceeding for a petitioner

to pursue) or circumstances exist that render that state court process ineffective to protect

Petitioner's rights (e.g., where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii);

Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available

to him, it is not futile to require him to complete exhaustion of those remedies before pursuing a

federal habeas petition.

While Petitioner's papers do not reflect his awareness that his Petition was filed

prematurely as a sort of protective filing, to the extent that Petitioner may be understood to

request that this action be stayed and his Petition held in abeyance, that request is denied. The

Supreme Court has stated, in dicta, that "[i]n many cases a stay will be preferable . . . and . . . will

be the only appropriate course in cases . . . where an outright dismissal could jeopardize the

timeliness of a collateral attack." <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380 (2d Cir. 2001) (citing

<u>Duncan v. Walker</u>, 533 U.S. 167, 182–83 (2001) (Stevens, J., with whom Souter, J. joins,

concurring in part in the judgment)). In similar situations, such requests evaluating "whether a

stay and abeyance is appropriate in a particular case is governed by the" considerations set forth

in <u>Rhines v. Weber</u>, 544 U.S. 269, 275– 76 (2005). <u>Rivera v. Kaplan</u>, No. 17-CV-2257, 2017

WL 3017713, at *2 (S.D.N.Y. July 13, 2017) (applying <u>Rhines</u> factors to protective filings where

petitioners are attempting to ensure their habeas petition's timeliness). Under <u>Rhines</u>, a stay and

abeyance should be "available only in limited circumstances" where the petitioner can show both

(1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his

unexhausted claims are not "plainly meritless." 544 U.S. at 277.

      Here, to the extent Petitioner is attempting to request a stay pending the outcome of his

administrative and state court appeals, Petitioner has not argued, much less established, that he

had "good cause" for failing to exhaust his claims in state court before filing his Petition.

Petitioner has been apprised of how to challenge his commitment in state court via the December

Order and he has successfully commenced two federal habeas action; therefore, Petitioner cannot

be said to have any confusion about the state court process or the trajectory of a habeas petition

in federal court. <u>Cf. Rivera</u>, 2017 WL 3017713, at *3 (finding good cause where a petitioner

demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus

uncertainty over whether her claims were properly exhausted in state court) (citing <u>Pace v.

Diguglielmo</u>, 544 U.S. 408, 416–17 (2005)).

      Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed

promptly after Petitioner's claims are exhausted in state court, will be jeopardized by the statute

of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Other dates from which the limitations cases period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D).

Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); Saunders, 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. Id.[1]

Petitioner states that the hearing which resulted in his unlawful and illegal confinement occurred on July 9, 2021. Pet. at 1. It would seem that this would be the date from which the statute of limitations period would run. Assuming that to be true, there is still over nine months

---

[1]   The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

left in the limitations period. That is more than enough time for Petitioner to exhaust his state court remedies and then re-file his habeas petition.

Therefore, the Court will dismiss the Petition as unexhausted and premature with leave to re-file once all state court remedies have been successfully exhausted. See Diguglielmo v. Senkowski, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[2] Petitioner is reminded to be vigilant in re-filing his Petition quickly after the conclusion of his administrative and state court challenges. See Zarvela, 254 F.3d at 383 (commenting that petitioner re-filed his habeas petition within fourteen days after receiving the appellate court's decision).

IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED**, that no certificate of appealability ("COA") shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right"

---

[2]   The Court notes that if Petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this Petition is dismissed for failure to exhaust and not on the merits. Burton v. Stewart, 549 U.S. 147, 155 (2007) (per curiam) (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000)).

pursuant to 28 U.S.C. § 2253(c)(2).[3] Any further request for a COA must be addressed to the

Court of Appeals (Fed. R. App. P. 22(b)); and it is further

  **ORDERED**, that the Clerk is directed to serve a copy of this Order on Petitioner in

accordance with the Local Rules.

  **IT IS SO ORDERED.**

DATED:  October 13, 2021
     Albany, New York

               _____
               Lawrence E. Kahn
               Senior U.S. District Judge

---

[3] <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).